# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

ASHLEY ARMSTRONG, individually and on behalf of all others similarly situated,
    Plaintiff,

v.

CONCENTRIX CORPORATION, a New York corporation,

    Defendant.

Case No. 3:16-CV-05363-WHO

**ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT**

Date:         December 5, 2018
Time:        2:00 P.M.
Courtroom:  2, 17th Floor
Judge:       Honorable William H. Orrick

On December 5, 2018, a hearing was held on the unopposed motion of Plaintiff Ashley Armstrong for Approval of FLSA Collective Action Settlement. Kevin Stoops appeared for Plaintiff; and Ron Peters appeared for Defendant, Concentrix Corporation.

Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Settlement Approval Order and FINDS, CONCLUDES, and ORDERS as follows:[1]

## I. NATURE OF ACTION

Plaintiff alleges that Defendant failed to pay her and the Opt-Ins for off-the-clock work, including overtime, in violation of the Fair Labor Standard Act ("FLSA") and common law state breach of contract principals.

Defendant denies each of the allegations in the Complaint and denies that any Plaintiff or Opt-In is entitled to recovery. Defendant denies that this action may be properly maintained as a collective action under the FLSA.

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and/or released in the Settlement, and personal jurisdiction over Defendant and all Opt-Ins. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over the state-law breach of contract claim because that claim derives from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (federal courts have supplemental jurisdiction over state law claims that arise from the same "common nucleus of operative facts" such that the parties "would ordinarily be expected to try

---

[1] Except as otherwise specified herein, the Court for purposes of this Settlement Approval Order adopts all defined terms set forth in the Settlement.

-2-

them all in one judicial proceeding").

III. **APPROVAL OF SETTLEMENT**

The Court has reviewed the terms of the Settlement, including the $320,000 Settlement amount, the plan of allocation, and the release of claims. The Court has also read and considered Plaintiff's Motion for Settlement Approval and its supporting memoranda and evidence, including the declaration of Kevin Stoops and Jahan C. Sagafi in support of Settlement Approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties, conducted after the parties attempted to reach resolution with an experienced, independent mediator, after Plaintiff's Counsel had adequately investigated Plaintiff's and the Opt-Ins' claims and become familiar with their strengths and weaknesses, and after the Parties had engaged in substantial discovery and motion practice.

The Court finds and determines that the payments to be made to the Opt-Ins as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted.

The Settlement is not a concession or admission, and shall not be used or construed against Defendant as an admission or indication with respect to any claim of any fault or omission by Defendant.

IV. **APPROVAL OF THE NOTICE PROGRAM**

Plaintiff has also submitted for this Court's approval a proposed Notice of Settlement. The Notice is the best notice practicable under the circumstances.

The Notice fairly, plainly, accurately, and reasonably informs Opt-Ins of: (1) appropriate information about the nature of this action, the identities of the Opt-Ins, the identity of Plaintiff's Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about the amounts being allocated to Plaintiff as Service Payment and to Plaintiff's Counsel as attorneys' fees and costs; and (3) appropriate instructions as to how to obtain additional

-3-

information regarding this action and the Settlement.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice and Settlement Share checks to all Opt-Ins by first-class mail to their last known addresses. There is no additional method of distribution that would be reasonably likely to notify Opt-Ins who may not receive notice pursuant to the proposed distribution plan. In addition, the Settlement Administrator will take reasonable steps to locate Opt-Ins who do not promptly cash their Settlement Share checks.

Accordingly, the Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable and satisfies all legal and due process requirements.

## V. PLAINTIFF'S AND OPT-INS' RELEASE OF CLAIMS

The Court has reviewed the release contained in the Settlement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law. Plaintiff and every Opt-In shall, pursuant to the Settlement, be bound by the release of claims as set forth in the Settlement.

## VI. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Simpluris, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Approval Order and the Settlement.

## VII. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the $7,500 Service Payment to the Named Plaintiff Ashley Armstrong as set forth under the Settlement. The Named Plaintiff has taken significant actions to protect the interests of Opt-Ins, and the Opt-Ins have benefited considerably from those actions. Furthermore, the Named Plaintiff has expended considerable time and effort in pursuing the litigation. Furthermore, Plaintiff's Counsel attest that the Named Plaintiff was substantially involved throughout the litigation including taking part in discovery and deposition.

## VIII. PLAINTIFF'S COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $126,605 in attorneys' fees and $29,000 in litigation costs and expenses, for a total payment of $155,605 to Plaintiffs' Counsel, is

-4-

fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 888 F.2d 268, 272 (9th Cir. 1989); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

## IX. ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make the Settlement Payment in accordance with the terms of the Settlement.

## X. FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

The Parties are hereby ordered to comply with the terms of the Settlement.

This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

## XI. CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation administration, implementation, effectuation and enforcement of the Settlement.

## XII. SETTLEMENT APPROVAL

Based on all of these findings and the applicable legal standards, the Court concludes that the proposed Settlement meets the criteria for settlement approval and Orders the Parties to distribute the payments required under the Settlement.

IT IS SO ORDERED.

Dated: December 6, 2018

The Honorable William H. Orrick
United States District Judge